# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-1166

PATRICK YOUELL,

   Plaintiff,

v.

CAVALRY SPV II, LLC and MACHOL & JOHANNES LLC,

   Defendants.

---

# COMPLAINT

---

## INTRODUCTION

  1. This is an action for actual and statutory damages brought by Plaintiff Patrick Youell ("**Plaintiff**" or "**Mr. Youell**"), an individual consumer, against Defendants Cavalry SPV II, LLC ( the "**Debt Collector**") and Machol & Johannes LLC (the "**Debt Collection Law Firm**" collectively the "**Defendants**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

  2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

  3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the Defendants transacts business in this District and the conduct complained of occurred in this District.

## PARTIES

4. Plaintiff is an individual and resides in the City and County of Denver, Colorado.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Delaware limited liability company that does business in Colorado. The Debt Collector has a principal place of business in Colorado at 80 Garden Center, Suite 3, Broomfield, Colorado 80020.

7. The principal purpose of the Debt Collector in this state is the collection of debts.

8. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

9. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

10. The Debt Collector operates as a collection agency and is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

11. The Debt Collection Law Firm is a Colorado limited liability company that does business in Colorado. The Debt Collection Law Firm has its principal place of business at 717 17th Street, Suite 2300, Denver, Colorado 80202.

12. The principal purpose of the Debt Collection Law Firm is the collection of debts.

13. The Debt Collection Law Firm regularly attempts to collect debts from consumers alleged to be due another.

14. The Debt Collection Law Firm is engaged in the collection of debts from consumers using the mail and telephone.

15. The Debt Collection Law Firm is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

16. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes in that the financial obligation arose from the purchase of an automobile for personal use (the "**Debt**").

17. The Debt was assigned by the original creditor to the Debt Collector for collection after the Debt was in default.

18. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

19. On December 10, 2013, the Debt Collector filed suit against Plaintiff to collect the Debt in the County Court for Denver County, in case number 2013C75731 (the "**County Court Action**").

20. Plaintiff defaulted on the Debt before December 10, 2007.

21. The statute of limitations on a liquidated debt is six years, therefore, the Defendant sued Plaintiff on a time-barred debt.

22. Plaintiff filed an answer in the County Court Action on January 10, 2014.

23. In response, the Debt Collection Law Firm sent Plaintiff's counsel a letter stating that Plaintiff's answer was "extensively confrontational".

24. In response, Plaintiff's counsel wrote back to the Debt Collection Law Firm informing him that the Debt was time barred.

25. Despite this information, the Debt Collector continued to pursue collection of the Debt in the County Court Action.

26. On February 12, 2014, the Debt Collector filed a motion requesting discovery in the County Court Action.

27. The Debt Collector's discovery request contained eight (8) requests for admission, sixteen (16) interrogatories, and six (6) requests for production.

28. Plaintiff answered the Debt Collector's discovery requests.

29. On February 18, 2014, Plaintiff filed a motion requesting permission to serve discovery in the County Court Action upon the Debt Collector.

30.     The motion was granted, and the Plaintiff's discovery requests were served upon the Debt Collector.

31.     Despite the filing of an extension, the Debt Collector never responded to the Plaintiff's discovery requests.

32.     On March 5, 2014, the Debt Collection Law Firm wrote to Plaintiff's counsel requesting that the parties reach a settlement in the County Court Action.

33.     The Debt Collection Law Firm's attorney sent an email to Plaintiff's counsel stating that his fees in the County Court Action were not capped.

34.     The contract underlying the Debt states, in pertinent part, as follows: " If you default, you agree to pay our costs for collecting amounts owing, including court costs, reasonable attorneys' fees (not in excess of 15% of the unpaid debt after default). . . ." (the "**Contract**").

35.     The Contract caps the Debt Collection Law Firm's attorneys' fees at fifteen (15) percent of the unpaid debt after default.

36.     The Contract was in the possession, custody, and control of the Debt Collection Law Firm.

37.     The Contract was filed by the Debt Collection Law Firm in the County Court Action.

38.     The Debt Collection Law Firm's statement in paragraph 33 is false.

39.     The Debt Collection Law Firm's statement in paragraph 33 is misleading.

40.     On March 25, 2014, the Debt Collector requested that Plaintiff sign a stipulated release of all claims against the Debt Collector in exchange for a dismissal of the County Court Action (the **"Stipulated Release"**).

41.     Plaintiff refused to sign the Stipulated Release.

42.      On March 31, 2014, the Debt Collector filed a Motion For Order Dismissing the Within Action with Prejudice as to All Claims and Demands of Plaintiff and Defendant (the **"Motion"**).

43. In the Motion, the Debt Collector accused Plaintiff of being in violation of the Rules of Professional Conduct, Rule 3.2 – Expediting Litigation, for not disclosing that the Plaintiff did not sign the security agreement in the Contract.

44. The Debt Collector had the Contract in its possession, custody, and control before the County Court Action was ever filed.

45. The fact that Plaintiff did not sign the security agreement had no legal effect on whether Plaintiff owed the Debt, therefore, the Debt Collector's argument was pretextual.

46. The Debt Collector's accusation in paragraph 43 was false.

47. The Debt Collector's accusation in paragraph 43 was misleading.

48. In the Motion, the Debt Collector also attempted to dismiss all claims of each party, not just its own.

49. The Plaintiff did not file any counterclaims in the County Court Action.

50. Any attempt to unilaterally dismiss Plaintiff's future legal claims with prejudice was ineffective.

51. The Debt Collector did not have a legitimate legal basis to request the dismissal of Plaintiff's future legal claims with prejudice.

52. The Debt Collector did not have a stipulation from the Plaintiff agreeing to the dismissal of Plaintiff's future legal claims with prejudice.

53. The Debt Collector's attempt to unilaterally dismiss the Plaintiff's future legal claims with prejudice in the County Court Action was unfair.

54. The Debt Collector's attempt to unilaterally dismiss the Plaintiff's future legal claims with prejudice in the County Court Action was unconscionable.

## Respondeat Superior Liability

55. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

56. The acts and omissions complained of herein were committed by an agent employed by the Defendants.

57. The acts and omissions of the agent complained of herein were within the scope, time, and space limitations of the agency relationship.

58. The acts and omissions by the agent were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by the Defendants in collecting debts.

59. By committing these acts and omissions against Plaintiff, the agent was motivated to benefit its principal, the Defendants.

60. The Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its agent in its attempts to collect a debt from Plaintiff.

### COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

61. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

62. 15 U.S.C. § 1692e prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any debt.

63. The Defendants violated 15 U.S.C. § 1692e by insinuating in the Motion that Plaintiff's counsel had violated or otherwise not complied with its obligations under the Rules of Professional Conduct.

64. 15 U.S.C. § 1692e(2)(a) prohibits a debt collector from making false representations regarding the character, amount, or legal status of any debt.

65. Among other things, Defendant's violated 15 U.S.C. § 1692e(2)(a) by:

 A. attempting to collect the time-barred Debt by initiating the County Court Action;

 B. representing that the Debt Collection Law Firm's attorneys' fees were not capped;

C. representing that the Debt Collector was dismissing the County Court Action due to the absence of Plaintiff's signature on the security agreement when such fact had no effect on whether Plaintiff actually owed the Debt.

66. 15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be take or that is not intended to be taken.

67. The Defendants violated 15 U.S.C. § 1692e(5) by attempting to dismiss the Plaintiff's future claims in the County Court Action.

68. 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect any debt.

69. The Defendants violated 15 U.S.C. § 1692f by attempting to dismiss the Plaintiff's claims in the County Court Action.

70. The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

71. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

72. As a direct consequence of the Defendants' acts, practice, and conduct, the Plaintiff has suffered, and continues to suffer, from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

73. The Plaintiff is entitled to damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Patrick Youell prays for relief and judgment, as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

     4.     Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

     5.     Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff Patrick Youell is entitled to and hereby demands a trial by jury.

Dated: April __, 2014

     Respectfully submitted,

/s/ Ahson B. Wali
Daniel J. Vedra
Ahson B. Wali
Vedra Wali LLC
1435 Larimer St. Suite 308
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: daniel.vedra@vwfirm.com
       ahson.wali@vwfirm.com